Kenneth Steely, Esq.
BLACKSTONE TRIAL LAW
1200 Corporate Drive, Suite 425
Birmingham, AL 35242
Telephone: (205) 482-5558
kenneth.steely@blackstonetrial.com
(Admitted Pro Hac Vice)

Christopher R. Jones, WSB# 7-4837
GORDON REES SCULLY MANSUKHANI, LLP
515 E. Ivinson, Suite 108
Laramie, WY 82070
Telephone: (307) 365-6741
Facsimile: (307) 222-7825
crjones@grsm.com
(Local Counsel)

Counsel for Defendant Dr. Jeffery Scott

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CHRISTOPHER D. HARRELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY SCOTT, et al.,<br><br>Defendants | **Civil No. 2025-CV-086-KHR**<br><br>DECLARATION OF MICHELLE LUCERO, PA-C, IN SUPPORT OF DEFENDANT JEFFREY SCOTT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION FOR A RESTRAINING ORDER AND PERMANENT INJUNCTION (DOC. 28) AND MOTION FOR COURT ORDER FOR PRESERVATION OF EVIDENCE (DOC. 27) |

I, Michelle Lucero, PA-C, hereby declare that my testimony below is true and correct to the best of my knowledge and belief and is given under penalty of perjury, pursuant to 28 U.S.C. § 1746:

BACKGROUND, QUALIFICATIONS, AND BASIS OF KNOWLEDGE

1. I am a Physician Assistant licensed in the State of Wyoming. My professional title is PA-C.

2. I have been licensed as a physician assistant since approximately November 2000. My education, training, and professional background include: Practicing Correctional Medicine since November 2000.

3. I am currently employed by or provide services through NaphCare Wyoming LLC. My current role is Physician Assistant – Traveling / Floating Provider.

4. In that role, I provide medical care to patients, including patients housed within the Wyoming Department of Corrections system, and I document patient encounters in the ordinary course of medical practice.

5. Except where I expressly state that a matter is based on my review of medical records maintained in the ordinary course of business, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

6. I submit this declaration in support of Defendant Jeffrey Scott's Response in Opposition to Plaintiff's Combined Motion for a Restraining Order and Permanent Injunction. The purpose of this declaration is to address my recent involvement in the ongoing medical evaluation and treatment of Christopher D. Harrell's reported gastrointestinal concerns.

**RECENT CARE PROVIDED TO MR. HARRELL**

7. I saw Mr. Harrell by telemedicine on June 30, 2026, for follow-up regarding his chronic gastrointestinal complaints, including chronic diarrhea and epigastric or abdominal pain.

8. Prior to the June 30, 2026, I spent a approximately two days reviewing Mr. Harrell's extensive medical records concerning his ongoing treatment related to gastrointestinal concerns. I

reviewed prior consultant records, diagnostic studies, and treatment recommendations available in Mr. Harrell's medical record. I also requested assistance from Health Services Administrator Amber Waldron, RN, to locate and review consultant reports, diagnostic studies, historical records, and information regarding institutional resources and dietary accommodations.

9. The June 30, 2026, encounter lasted approximately two hours. During that encounter, I allowed Mr. Harrell time to describe his concerns regarding his gastrointestinal symptoms, prior specialty consultations, prior diagnostic testing, dietary concerns, reported food intolerances, gallbladder-related concerns, abdominal pain, and diarrhea.

10. My clinical assessment, counseling, and treatment decisions during the June 30, 2026, encounter remained my responsibility as the treating provider for that encounter.

11. Based on my review, Mr. Harrell has undergone extensive prior evaluation for his gastrointestinal complaints, including prior specialty consultations, stool testing, allergy testing, celiac testing, pancreatic elastase testing, endoscopy-related evaluation, and surgical or gastrointestinal consultations.

12. During the June 30, 2026 encounter, Mr. Harrell expressed concern that prior recommendations regarding his gallbladder and possible cholecystectomy had not been followed in the manner he expected. I discussed with him that recommendations by one specialty provider do not obligate another provider or surgeon to perform a procedure if, after independent evaluation, that provider does not determine the procedure is clinically indicated.

13. I also discussed Mr. Harrell's request for a low-FODMAP diet. I explained that the low-FODMAP diet is generally used as a temporary elimination diet to help identify foods that may contribute to symptoms and is not generally recommended as a permanent dietary intervention.

14. I further discussed that correctional medical diets and correctional food-service resources have practical limitations, particularly where a patient reports multiple overlapping food intolerances or requests a diet excluding numerous categories of food.

15. Following my evaluation, I developed a plan to continue evaluating and treating Mr. Harrell's reported gastrointestinal symptoms. That plan included a two-week trial on specific medication under direct observation to assess whether it may improve his reported chronic diarrhea.

16. During the June 30, 2026 encounter, Mr. Harrell verbally indicated willingness to participate in the proposed trial and observation period.

17. I also planned follow-up after the observation period to review the medical-observation information and determine appropriate next steps in Mr. Harrell's care.

18. In addition, I discussed the possibility of a multidisciplinary meeting that would include Mr. Harrell and relevant institutional personnel to address medical, dietary, and operational concerns in a coordinated manner.

**FOLLOW-UP AND CONTINUED CARE**

21. After the June 30, 2026 encounter, the care plan for Mr. Harrell's gastrointestinal concerns continued.

22. I understand that Mr. Harrell had a telemedicine encounter with Dr. James Bishop on July 8, 2026, regarding offsite testing. During that encounter, Mr. Harrell was informed that the testing was negative and that ongoing workup and management of his gastrointestinal concerns would continue under my management.

23. I understand that a follow-up appointment with me was to be scheduled so that Mr. Harrell's gastrointestinal concerns could continue to be evaluated.

24. I remain committed to implementing the treatment plan established during the June 30, 2026, provider encounter, including the trial, medical observation as clinically appropriate, and follow-up evaluation.

25. Based on my personal involvement and my review of Mr. Harrell's medical records, Mr. Harrell continues to receive medical evaluation and care for his reported gastrointestinal concerns.

26. Nothing in my recent involvement indicates that Mr. Harrell's gastrointestinal complaints are being ignored or have previously been ignored. To the contrary, his complaints have been evaluated, discussed with him, and incorporated into an ongoing plan of care.

27. This declaration is not intended to address every aspect of Mr. Harrell's medical history. It is intended to confirm that, as of my recent involvement, Mr. Harrell continues to receive medical care for his gastrointestinal and rectal concerns.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20 day of July, 2026.

Michelle Lucero, PA-C