FILED
UNITED STATES DISTRICT COURT DISTRICT OF WYOMING
2:28 pm, 9/4/26
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

CHRISTOPHER D. HARRELL,

Plaintiff,

vs.

JEFFERY SCOTT and EDNA CURRY,

Defendants.

Case No. 25-CV-86-KHR

**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER FOR PRESERVATION OF EVIDENCE**

**THIS MATTER** is before the Court on Plaintiff Christopher Harrell's *Motion for Court Order for Preservation of Evidence* [ECF No. 27] ("*Motion*"). Plaintiff is asking this Court to order Defendants to preserve "all security camera footage and the recorded meetings he had with Warden Shawn Hobson on February 05th and 06th, 2026." ECF No. 27 ⁋5. What exactly "all security camera footage" entails, is not clear to the Court from Plaintiff's *Motion* or attached *Affidavit* [ECF No. 27-1].

Defendant Edna Curry responded to Plaintiff's *Motion* wherein she raises the same concern. She reads Plaintiff's *Affidavit* as requesting the preservation of the following videos:

- Recordings of Harrell's meetings with Warden Shawn Hobson on February 5 and 6, 2026.
- Video footage of Plaintiff giving stool samples on February 20 and 27, 2026.
- Video footage that Dr. Levene watched of Plaintiff eating.

ECF No. 46 ⁋ 7. The Court shares Defendant Curry's understanding. Furthermore, Plaintiff has not filed a reply brief rebutting Defendant Curry's understanding. Defendant Curry further indicates that she is in possession of the footage from Plaintiff's meetings with Warden Hobson and the footage Dr. Levene watched. *Id.* ⁋⁋ 8–10. Defendant Curry is not aware of any security camera footage showing Plaintiff giving any stool samples on the identified dates.

Plaintiff has aptly identified the law governing preservation of evidence:

> The Federal Rules of Civil Procedure require the parties to take steps to preserve relevant evidence, including electronic and physical evidence. Thus, a specific order from the court directing one or both parties to preserve evidence is not ordinarily required. The courts have inherent power, however, to make such an order when necessary. *See United States ex rel. Smith v. The Boeing Co.,* 05–CIV–1073–WEB, 2005 WL 2105972, *2 (D. Kan. Aug. 31, 2005). In such cases, the courts will be guided by the principles of equity, including consideration of the following factors: (1) how much of a concern there is for the maintenance and integrity of the evidence in the absence of an order; (2) any irreparable harm likely to result absent a specific order directing preservation; and (3) the capability of the party to maintain the evidence sought to be preserved. *Id.* (citing *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Co.,* 220 F.R.D. 429, 433 (W. D. Pa. 2004)).

ECF No. 27 ⁋ 2; *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2013 WL 1001851, at *4 (D. Kan. Mar. 13, 2013) (citation modified). Plaintiff has, however, not argued that standard specifically. Rather, Plaintiff has offered the somewhat related assertion that there is minimal burden or prejudice entailed by the preservation of this evidence.

The Court does not find a preservation order is warranted under the circumstances. Defendants appear aware of their duty to preserve relevant evidence. Defendant Curry's response to Plaintiff's *Motion* demonstrates that Defendants have considered Plaintiff's request in good faith and have identified the footage Plaintiff is seeking preservation for. What appears likely is that when Plaintiff received Warden Hobson's prior response to his internal request indicating that "no remedial action was required[,]" Plaintiff believed that said footage would be immediately set for deletion. *See* ECF No. 27-1 ⁋ 7. Defendant Curry's response dispels that fear.

Absent further argument from Plaintiff clearly identifying what footage must be preserved and why it should be, the Court finds that his *Motion* should be **DENIED WITHOUT PREJUDICE**.

Dated this 4th day of September, 2026.

Scott P. Klosterman
United States Magistrate Judge